IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                         Criminal No. 4:01cr8WHB

JAMES E. FRYE

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR NEW TRIAL

COMES NOW the United States Attorney, by and through his undersigned assistant, and files this, his response in opposition to the Defendant's Motion for New Trial.

THE MOTION IS UNTIMELY

The defendant's motion for new trial, based upon alleged newly discovered evidence, is brought pursuant to Fed. R. Crim. P. 33. It was filed on March 3, 2008. (Doc. 449) The deadline for filing a motion for new trial based upon newly discovered evidence is three years after the jury verdict of guilty. *See* Fed. R. Crim. P. 33 ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.")

The guilty verdict in this case was returned on February 3, 2005. See Ex. A (document no. 339) The three year deadline is measured from the date of the guilty verdict, not some later date such as its recordation or the entry of the judgment of conviction. *See United States v. Bowler*, 252 F.3d 741, 743-44 (5th Cir. 2001) ("The jury verdict was entered . . . on July 7, 1995, but [defendant] did not file his Rule 33 motion until May 10, 1999, almost four years

1

later. Under the current Rule 33, [the defendant's] Rule 33 motion would be untimely, and we would not have jurisdiction to hear it"); *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) ("the time for making the [Rule 33 motion on grounds other than newly discovered evidence] is within seven days 'after verdict or finding of guilty,' and not imposition of sentence"); *United States v. DeRocco*, 320 F.2d 58, 59 (6th Cir. 1963) ("Where the trial is by jury, the time for filing the motion for a new trial is computed from the date the verdict of the jury is returned"); *United States v. Renick*, 273 F.3d 1009, 1019 (11th Cir. 2001) (time for filing a Rule 33 motion "begins after the **return** of the guilty verdict")(emphasis in original).[1] *See also* Rule 33, Commentary to 1998 amendments ("It is the intent of the Committee to remove that element of inconsistency by using the trial court's verdict or finding of guilty as the triggering event").

The Clerk's Office for the Southern District of Mississippi received four documents from the defendant on March 3, 2008, and docketed them as documents nos. 449, 450, 451, and 452. This Court may take judicial notice that it is the practice of the Clerk's Office for the Southern District of Mississippi to docket pleadings on the date they are received in the Clerk's Office.

Although the documents were received and docketed on the same date (March 3), the defendant placed a different date on each of the certificates of service. Document 449 (the motion for new trial) bears a certificate of service alleging that it was mailed February 7,

---

[1] Language in earlier cases to the effect that this deadline is jurisdictional is no longer correct after *Everhart v. United States*, 546 U.S. 12 (2005). Deadlines such as in Rule 33 are now considered inflexible claims processing rules.

2

2008. Document 450 is the defendant's handwritten address and contains no certificate of service. Document 451 (a motion requesting a 30 day extension "To File Supplemental Issues on Motion For New Trial") bears a certificate of service alleging that it was mailed February 12, 2008. Document 452 ("Certificate of Filing") bears a certificate of service alleging that it was mailed February 25, 2008.[2]

Since the Clerk's Office docketed the four documents together on March 3, this Court would be justified in concluding that they were mailed together (most likely on February 25) and that the dates on the certificates of service, other than February 25, 2008, are false.

Attached as Exhibit B, is a Declaration, pursuant to 28 U.S.C. § 1746, from Darrell L. Legg, the Manager of the mail room at the Institution where the defendant is incarcerated, averring that, while no log is maintained of outgoing prisoner mail, it is the practice and procedure of the Institution to mail items the date they are received from inmates. Thus, contrary to the defendant's "Certification of Mailing," if he had delivered his Motion for New Trial to the prison mail room on February 7, 2008, and his Motion for Leave to Amend on February 12, 2008, they would have been received long before March 3, 2008.

Also attached as Exhibit C, is a Declaration, pursuant to 28 U.S.C. § 1746, from the undersigned Assistant United States Attorney, to whom the defendant alleged he had mailed documents 449, 451, and 452, averring that these documents were not received from the defendant but were down loaded from Pacer.

---

[2] The government agrees with the defendant that, pursuant to the "mailbox rule" for prisoners, pleadings are deemed filed the date they are placed in the prison mail system for filing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

3

Even if, contrary to all of the evidence, it were concluded that the defendant mailed/filed his motion for new trial on February 7, 2008, as he claims, it would still be untimely since the three year deadline from the guilty verdict expired on February 4, 2008 (since February 3 was a Sunday).

The defendant's motion for a 30 day extension to file "supplemental issues" in support of his motion for new trial should be denied. First, since the motion for new trial itself is untimely, there is no right to file "supplemental issues" relating to it. Second, any "supplemental issues" would have to relate to issues raised in a timely motion and not to new issues. Fed.R.Civ.P. Rule 15 provides in pertinent part: "(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

It appears that every other Circuit to consider the issue has held that where the proposed amendment or supplement to a timely filed pleading is requested after the deadline for filing the motion has expired, it is not allowed unless the amendment relates back to previously filed issues. *See, e.g., United States v. Hicks*, 283 F.3d 380, 388-89 (D.C. Cir. 2002); *United States v. Thomas*, 211 F.3d 430, 436 (3d Cir. 2000); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000); *United States v. Rodriguez*, 286 F.3d 972, 981 (7th Cir. 2002); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999); *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000); *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000).

The term "relation back" refers to the fact that the issues arise from the same facts and legal principles, not that the claims arose from the same criminal prosecution. As the court stated in *Hicks*:

> Although Rule 15(c) could be read to mean that the relevant "occurrence" is the claimant's trial and sentencing, this interpretation has been resisted, and with good reason. In most cases, a prisoner's claims for collateral relief will arise out of the same criminal conviction; therefore, if the defendant's trial and sentencing are construed to be the "occurrence," virtually any purported amendment will relate back. Such a result would be difficult to square with Congress' decision to expedite collateral attacks by placing stringent time restrictions on § 2255 motions. . . . Therefore, like our sister circuits, we agree that Rule 15(c) does not apply where the prisoner's proposed amendment makes claims or is based on occurrences "totally separate and distinct, 'in both time and type' from those raised in his original motion."

283 F.3d at 388 (citations omitted). *See also Espinoza-Saenz*, 235 F.3d at 505; *Pittman*, 209 F.3d at 318. In *United States v. Stirone*, 168 F. Supp. 490 (W. D. Pa. 1957), *affirmed*, 262 F.2d 571 (3d Cir.), *cert. granted*, 359 U.S. 978 (1959), *reversed on other grounds*, 361 U.S. 212 (1960), the court applied the relation back rules discussed above to hold that new issues may not be added to a motion for new trial after the deadline for filing has passed.

The most glaring omission from the defendant's motion for new trial, and presumably what he wants to add at a later date, is the alleged affidavit from Billy Cooper. The motion for new trial alleges at one point that "since the time of Petitioner's conviction, Mr. Frye has been able to obtain two sworn affidavits for Billy Cooper which directly contradicts the government's case in chief." (Motion at 6th unnumbered page) Later, the motion alleges that the defendant "has been able to obtain a sworn affidavit by Billy Cooper." (Motion at 7th unnumbered page) The defendant cites to "(See Appendix – A)" but fails to attach any

5

affidavit from Cooper.

The deadline for filing a Rule 33 motion is three years. For that deadline to have any meaning it cannot be considered the date by which a defendant advises the government that he is in the process of obtaining evidence to support his motion. Any affidavit in support of the defendant's motion was due by the deadline. The defendant is not entitled to additional time to gather evidence. [3]

## THE MOTION FOR NEW TRIAL IS WITHOUT MERIT

The denial of a motion for new trial based on newly discovered evidence will be upheld on appeal absent an abuse of discretion. *United States v. Bowler*, 252 F.3d 741, 747 (5th Cir. 2001). Such motions are disfavored and reviewed with great caution. *Id.* (citing *United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998)). In *United States v. Hamilton*, 559 F.2d 1370 (5th Cir. 1977), the court held that Rule 33 motions for new trial directed to the trial judge are "particularly suited for ruling without a hearing." *Id.* at 1373. "In most new trial motions based on newly discovered evidence, the proffered evidence goes directly to proof of guilt or

---

[3] As the only reason given for not providing the evidence in support of his motion with his motion, the defendant blames Hurricane Katrina. Hurricane Katrina had very little impact on the progress of the defendant's appeal. According to the Fifth Circuit docket sheet in the defendant's appeal, No. 05-60406, there was a minimal delay between October 14, 2005 and November 15, 2005, while the record was compiled and sent to Frye's counsel, which might be considered to be caused by Hurricane Katrina. The crucial evidence still lacking from the defendant's motion for new trial is the alleged affidavit from Cooper "exonerating" him. Neither Hurricane Katrina nor any alleged lack of access Frye might have had to his files has a bearing on the non-production of this affidavit. In any event, the pendency of the defendant's appeal did not preclude the filing of a timely motion for new trial. Motions for new trial may be filed while an appeal is pending and district courts have authority to deny them although they may not grant them absent a remand from the court of appeals. *See Richardson v. United States*, 360 F.2d 366, 368-69 (5th Cir. 1966); *United States v. Hersh*, 415 F.2d 835, 837 (5th Cir. 1969).

innocence." *United States v. Williams*, 613 F.2d 573, 575 (5th Cir.), *cert. denied*, 449 U.S. 849 (1980).

Such a motion may be deficient on its face. *United States v. Burns*, 668 F.2d 855, 859 (5th Cir. 1982). The criteria to be met by the defendant are:

> (1) the evidence must be discovered following the trial, (2) facts must be alleged from which the court may infer diligence on the part of the movant to discover the evidence. (3) the evidence must not be merely cumulative nor impeaching, (4) the evidence must be material, (5) the evidence must be such that a new trial would probably produce a new result.

*Id.*

The defendant's motion is patently deficient. Even if he presented the affidavit of Cooper that he makes reference to, it falls far short of establishing that the outcome of the trial would have resulted in Frye's acquittal if it had been presented at trial. Allegedly, Cooper would have testified that:

1) Cooper never witnessed Frye being violent or causing harm to any living person;

2) Cooper never witnessed or had any knowledge of Frye being in possession of a firearm at any time;

3) there was no pre-existing hole where the two victims were killed into which their bodies were placed; and

4) Demond Newell's trial testimony was inaccurate (in some unspecified way).

Taking all this as true, and ignoring the fact that Cooper declined to testify to these facts at trial, there is no reasonable likelihood that the jury would have acquitted Frye if they heard Cooper testify to these "facts." Without rehashing the facts, the jury heard of Frye's

direct involvement from his taped statement to investigators. Other witnesses testified to his involvement. It was not necessary that Frye have personally shot either Willie Hatten or Lottie Anderson Marshall in order for him to be convicted of conspiracy to commit (1) carjacking in violation of 18 U.S.C. § 2119(3), (2) use of a firearm in relation to a crime of violence (carjacking) in violation of 18 U.S.C. § 924(c), and (3) transportation of a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312, all in violation of 18 U.S.C. § 371 (Count One); carjacking in violation of 18 U.S.C. §§ 2119(3) and 2 (Count Two); use of a firearm in relation to a crime of violence (carjacking) in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three); transportation of a stolen vehicle in interstate commerce in violation of 18 U.S.C. §§ 2312 and 2 (Count Four). It should be noted that Frye was charged under the aiding and abetting statute in each of the substantive counts of conviction, and, of course, his guilt under the conspiracy count did not require that he actually shoot either victim.

## CONCLUSION

This Court should deny the motion for new trial because it is untimely. Further, and as an alternative ruling, this Court should rule on the merits that, even if Frye produced an affidavit from Cooper swearing to the "facts" set out in his motion for new trial, this would not entitle Frye to a new trial.

Accordingly, the instant motion should be denied.

>Respectfully Submitted
>
>DUNN LAMPTON
>United States Attorney
>
>By:   /s/ Richard T. Starrett
>―――――――――――――――
>RICHARD T. STARRETT
>Assistant U.S. Attorney
>Mississippi Bar No. 7800

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing with the Clerk of the Court using the ECF system, and a true and correct copy of the above and foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL has been mailed, postage prepaid, to James E. Frye, 98362-024, USP Big Sandy, P.O. Box 2068, Inez, KY. 41224.

This the 13th day of March, 2008.

>/s/ Richard T. Starrett
>―――――――――――――――
>Richard T. Starrett
>
>Assistant U. S. Attorney

United States Attorney's Office
One Jackson Place
188 E. Capitol St., Suite 500
Jackson, MS 39201
(601) 973-2817